Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3718 | **DATE** | October 1, 2003 |
| **CASE TITLE** | *Malone v. Pipefitters Assoc., Local Union 597* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this court DENIES Defendant's Motion for Reconsideration [123-1]. Further, this case is set for a status on October 9, 2003 at 11:00 a.m.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 127 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE B. MALONE,  )
    Plaintiff,  )
  )
  )  Hon. Blanche M. Manning
v.  )
  )  97 C 3718
  )
PIPEFITTERS ASSOCIATION,  )
LOCAL UNION 597,  )
    Defendant.  )

## MEMORANDUM AND ORDER

This matter comes before this Court on Defendant Pipefitters Association Local Union 597's ("the Union") motion, pursuant to Federal Rule of Civil Procedure 59(e), seeking to have this court reconsider its March 12, 2002 ruling denying the Union's motion for summary judgment on Plaintiff Lawrence B. Malone's hostile work environment claim ("March Ruling"). For the reasons that follow, the motion is DENIED.

This case is an employment discrimination action filed by Malone pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e2 (c). On March 12, 2002, this Court granted the Union's motion for summary judgment as to all claims except for the hostile work environment claim. After the Seventh Circuit issued a decision in a similar case against the Union in <u>EEOC v. Pipefitters Association Local Union 597</u>, 334 F.3d 656 (7th Cir. 2003), the Union brought the instant motion for reconsideration of the denial of summary judgment on the hostile work environment claim, pursuant to Rule 59(e).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a litigant to alter or amend a judgment. As a general matter, however, Rule 59(e) does not permit a party to merely rehash previously raised arguments. Lewis v. Herman, 783 F. Supp. 1131, 1132 (N.D. Ill. 1991). "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir.1998). Rule 59 does not permit a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). This "court's orders [are not' 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" Thompson v. Perryman, No. 98 C 1596, 1998 WL 786221 (N.D. Ill. Nov. 6, 1998).

To succeed on a motion to reconsider pursuant to Rule 59(e), the moving party must raise either "newly discovered evidence or a manifest error of law or fact." Caisse Nationale de Credit Agricole v. CHI Indus. Inc., 90 F.3d 1264, 1269 (7th Cir.1996); Russell v. Delco Remy Div. Of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). Whether to grant a Rule 59 motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir.1996).

Rule 59(e) requires that all motions to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Motions filed after 10 days are treated as motions under Rule 60(b). U.S. v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1992); Hindin/Owen/Engelke, Inc. v. Grim Indus., Inc., 869 F. Supp. 539, 546 (N.D. Ill. 1994). Under Rule 60(b), a party may request the court to

2

relieve [the party] from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Here, although this motion was brought well after 10 days from the March Ruling, it was brought within 10 days of the recent Seventh Circuit opinion which the Union contends voids the March Ruling. Therefore, this Court finds that the instant motion is timely.

## ANALYSIS

The Union contends that this Court's March Ruling on Malone's hostile work environment claim "cannot stand" in light of the Seventh Circuit's recent holding in EEOC v. Pipefitters Association Local Union 597, 334 F.3d 656 (7th Cir.2003). EEOC contains almost the identical factual underpinnings as the instant case. The EEOC brought a Title VII action against the employer and the Union for creating a hostile work environment at the Robbins, Illinois job site (the same location where Malone worked at). Id. at 658. The harassment, like in the instant case, consisted of racist graffiti in the portable toilets at the job site. Id. On appeal, the Seventh Circuit stated that it was "not in doubt" that the graffiti created a hostile work environment, the only question was whether the Union was legally responsible for the graffiti. Id.

Reversing the district court, the Seventh Circuit held that the Union did not have "an affirmative duty to prevent racial harassment or other forms of unlawful discrimination in the

3

workplace. Id. at 559-60. This holding was based on the premise that the employer, "not the [U]nion, controls the workplace, including portable toilets erected at the site for use by the workers." Id. Therefore, even though Union officials knew of the graffiti and did not clean it up or selectively cleaned it up, the Union had no duty to do so. Id.

Here, in contrast the above decision, Malone has alleged, and put forth facts in support thereof, that the Union did much more than simply fail to react to the harassment, but intentionally promoted and helped to create the hostile environment at the Robbins job site. (March Ruling at 5.) Specifically, this Court found that:

> Malone has submitted a transcript of a January 7, 1992 membership meeting delivered by Francis McCartin, a union business manager. McCartin referred to the speech as a "state-of-theunion" message. Malone argues that this speech, made more than three years before he worked at the Robbins site, reveals the union's racist convictions behind what eventually occurred there. In his speech, McCartin addressed the union's general business as well as letters from anonymous union members. He also complained about minority members who were upset with the union for what they perceived as unequal opportunities and the union's prejudices against them. For example, he read one demand from a letter: "Apologize for derogatory remarks made against minority members," and in response, replied "never," to applause from the audience. On the issue of the union's minority membership, McCartin's speech alternated between vituperative and tolerant. He laments that African-American members benefit from a double-standard when disciplined because the union dare not risk charges of discrimination. He also implies that the union hall is not as nice a place or as safe as it was since African-Americans became members. At other points in the speech, he praises the ideal that all members of the union should be treated and considered equal. At all points, the transcript describes an approving audience, which applauded at frequent intervals. For certain, McCartin's speech casts a dubious light on the caliber of union leadership with respect to its African-American members.

Consequently, this Court found that "[g]iven the insight into the union's leadership we have from reading McCartin's speech and what it suggests about the prevailing view of African-American members, Malone should have an opportunity to present evidence before a trier of fact that the union "instigated, supported, ratified or encouraged" the wrongful conduct that occurred at

4

Robbins."

Accordingly, this Court finds that the recent Seventh Circuit opinion does not alter this Court's March Ruling.

## CONCLUSION

For the reasons stated above, this court DENIES Defendant's Motion for Reconsideration [123-1]. It is so ordered.

ENTER

_Blanche M. Manning_
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 10-1-03