# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3718 | **DATE** | August 12, 2004 |
| **CASE TITLE** | *Malone v. Pipefitter's Association Local Union 597* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motions in Limine

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. The court denies Plaintiff's Motion to Compel [R.158-1], Plaintiff's Motion to Clarify [R.159-1], and Defendant's Motion to Bar Evidence of the McCartin Speech [R.153-1]. The court grants the Union's Motion to Bar Evidence That Does Not Relate to Robbins Project [R.154-1] and Motion to Bar Evidence of Prior Judgments [R. 156-1]. The Plaintiff's Motion to Strike and Bar Defendant's Statement of Issues and Argument is taken under advisement [R.162-1]. Last, the court grants the Union's Motion to Bar Plaintiff's Introduction of Evidence That Was Not Produced [R.155-1], but allows Mr. Malone to produce photocopies of the 22 documents by no later than Friday August 20, 2004. If Mr. Malone fails to do so, he will not be able to present these documents at trial. Enter Memorandum and Order.

(11) ☐ [For further detail the memorandum attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 8/13/04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | m |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/s | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE B. MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Judge Blanche M. Manning |
| v. | ) |
| | ) Case No. 97 C 3718 |
| PIPEFITTERS' ASSOCIATION | ) |
| LOCAL UNION 597, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pro se plaintiff Lawrence Malone, an African-American, worked for Foster Wheeler Constructors at the Robbins Resource Recovery Project and was a member of the defendant Pipefitters' Association Local Union 597 (the "Union"). Mr. Malone alleges that the Union subjected him to a racially hostile and abusive work environment at the Robbins Project. Mr. Malone's case is set for a jury trial on Monday, August 23, 2004. Before this court are the parties' motions *in limine*.

## I.  DEFENDANT'S MOTIONS IN LIMINE

### A.  Motion to Bar Plaintiff's Introduction of Evidence That Was Not Produced

The Union moves this court to enter an order precluding Mr. Malone from introducing evidence that he has not previously produced. Specifically, the Union contends that Mr. Malone has not produced copies of 22 documents that he intends to introduce at trial and has included on his exhibit list. Mr. Malone contends that the Union has never requested these 22 documents.

Before Mr. Malone can present these documents at trial, he must produce them to the Union pursuant to the Northern District of Illinois' Standing Order Establishing Pretrial Procedure. *See* Northern District of Illinois Local Rule 16.1, Standing Order. Under Section 6 of the Standing



Order, the parties are required to "exchange copies of documents that will be offered in evidence at trial." Therefore, the court orders Mr. Malone to produce photocopies of the 22 documents to the Union's attorneys by no later than Friday, August 20, 2004. If Mr. Malone fails to do so, he will not be able to present these documents at trial.

### B. Motion to Bar Evidence That Does Not Relate to the Robbins Project

Next, the Union moves this court to preclude Mr. Malone from presenting any evidence or from making any arguments except to the extent that they are relevant to his hostile work environment claim, that is, whether the Union instigated, supported, ratified, or encouraged a racially hostile work environment at the Robbins Project. *See Reed v. International Union of UAW*, 945 F.2d 198, 203-04 (7th Cir. 1991). The Union contends that Mr. Malone has submitted materials in connection with the pre-trial order that go beyond the scope of his hostile work environment claim and that this evidence is irrelevant, and therefore, inadmissible at trial. *See* Federal Rule of Evidence 402.

In fact, not only is the proposed evidence irrelevant to Mr. Malone's hostile work environment claim, some of it is unfairly prejudicial to the Union. *See* Federal Rule of Evidence 403; *Mihailovich v. Laatsch*, 359 F.3d 892, 906 (7th Cir. 2004) ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). Therefore, Mr. Malone cannot present arguments and evidence involving his failure to promote and job referral claims because these claims were dismissed by the court in earlier proceedings. The only issue at trial is Mr. Malone's hostile work environment claim. Accordingly, Mr. Malone is barred from presenting evidence: (1) concerning

2

the Union's hiring hall system; (2) relating to wages and benefits received by Union members; (3) concerning job referrals; (4) concerning promotions at the Robbins Project; (5) regarding job sites other than the Robbins Project; and (6) relating to Union membership and Union elections. This list does not include every possible fact situation that is not relevant to Mr. Malone's hostile work environment claim. Therefore, the parties may make additional objections to evidence, if necessary, at trial. The court thus grants the Union's Motion to Bar Evidence That Does Not Relate to Robbins Project Work Environment.

### C. Motion to Bar Evidence of Prior Judgments Entered Against the Union

The Union moves this court to preclude Mr. Malone from presenting any evidence regarding or making any references to the prior judgments against the Union in *Daniels v. Pipefitters' Ass'n Local Union 597*, No. 84 C 5225, *Malone v. Pipefitters' Ass'n Local Union 597*, No. 87 C 9966, and *EEOC v. Pipefitters Ass'n Local Union 597*, No. 98 C 1601. The Union contends that evidence of these prior judgments is inadmissible pursuant to Federal Rule of Civil Procedure 404(b).

Federal Rules of Evidence 404(b) prohibits the use of "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, "other bad acts" are admissible if offered for another purpose, such as motive, plan, intent, or opportunity. *See Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003). The Seventh Circuit has set forth a four-prong test to determine the admissibility of other bad acts: (1) the other act evidence cannot be used to establish the defendant's propensity to commit the same bad act; (2) the other bad act must be recent and sufficiently similar to be relevant to the matter at issue; (3) there must be a sufficient amount of evidence for the jury to conclude that the similar act was committed; and (4) the probative value of the evidence cannot outweigh the

danger of unfair prejudice. *See Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2001).

For the following reasons, evidence or argument concerning the prior judgments against the Union will not be admissible at trial. First, Mr. Malone has not set forth any reason for using these prior judgments other than to establish that the Union engaged in similar conduct in this matter. Second, two of the other cases are not recent, nor are they sufficiently similar to Mr. Malone's hostile work environment claim. These two actions involved racial discrimination in referring union members out to jobs. *See Daniels v. Pipefitters' Ass'n Local Union 597*, 945 F.3d 906 (7th Cir. 1991); *Malone v. Pipefitters' Ass'n Local Union 597*, 774 F.Supp. 490 (N.D.Ill. 1991).

Finally, the evidence of these three cases has very little probative value as balanced against the unfair prejudice to the Union. *See Mihailovich v. Laatsch*, 359 F.3d at 906. Indeed, any discussion of the EEOC action may unfairly prejudice both the Union and Mr. Malone because the district court order finding the Union legally responsible for a hostile work environment was reversed by the Seventh Circuit. *See EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 663 (7th Cir. 2003). Accordingly, there is a strong possibility that the introduction of the EEOC case and the multiple theories of liability would confuse the issues or mislead the jury. *See Mihailovich*, 359 F.3d at 906. Therefore, the court grants the defendant's Motion to Bar Evidence of Prior Judgments Entered Against the Union.

### D.     Motion to Bar Evidence of the Speech Given by Francis McCartin

The Union moves the court to enter an order precluding Mr. Malone from presenting any evidence regarding or making any references to a speech given by the Union's Business Manager, Francis McCartin, on January 7, 1992. The Union argues that because the McCartin speech was given nearly four years before Mr. Malone began work at the Robbins Project and that no one

4

knows who was responsible for the racist graffiti at issue, there is no causal connection between the speech and the Robbins Project work environment. *See Haywood v. Lucent Tech., Inc.*, 323 F.3d 524, 530 (7th Cir. 2003).

The Union made similar arguments in its motion for summary judgment. In this court's summary judgment order of March 12, 2002, the court examined McCartin's speech in detail:

> Malone has submitted a transcript of a January 7, 1992 membership meeting delivered by Francis McCartin, a union business manager. McCartin referred to the speech as a "state-of-the union" message. Malone argues that this speech, made more than three years before he worked at the Robbins site, reveals the union's racist convictions behind what eventually occurred there. In his speech, McCartin addressed the union's general business as well as letters from anonymous union members. He also complained about minority members who were upset with the union for what they perceived as unequal opportunities and the union's prejudices against them. For example, he read one demand from a letter: "Apologize for derogatory remarks made against minority members," and in response, replied "never," to applause from the audience. On the issue of the union's minority membership, McCartin's speech alternated between vituperative and tolerant. He laments that African-American members benefit from a double-standard when disciplined because the union dare not risk charges of discrimination. He also implies that the union hall is not as nice a place or as safe as it was since African-Americans became members. At other points in the speech, he praises the ideal that all members of the union should be treated and considered equal. At all points, the transcript describes an approving audience, which applauded at frequent intervals. For certain, McCartin's speech casts a dubious light on the caliber of union leadership with respect to its African-American members.
>
> From any perspective, what remains from reading McCartin's speech is the factual issue of whether the union's leadership generated or fostered racial animus against its African-American members. The union has offered no authority for their argument that the temporal separation between the time the speech was made and when the graffiti appeared on the toilets at the Robbins site bars Malone from raising this evidence in support of his claim.

*See Malone v. Pipefitters' Ass'n Local 597*, No. 97 C 3718, 1998 WL 433765, at *3 (N.D.Ill. Mar. 13, 2002).

In its motion *in limine*, the Union does not make a compelling argument for this court to

5

change its ruling and preclude the McCartin speech. Based on the court's reading of the McCartin speech, Mr. Malone should have an opportunity to present evidence before a trier of fact concerning his racially hostile work environment claim, including possible evidence of a link between the graffiti and the McCartin speech. Thus, the court denies the Union's Motion to Bar Evidence of the Speech Given by Francis McCartin.

## II. PLAINTIFF'S MOTIONS IN LIMINE

### A. Motion to Compel

Mr. Malone brings this Motion to Compel the Union to answer his Interrogatories No. 22 and 23 which concern assessments that were deducted from the wages of Union members. The Union declined to answer these Interrogatories because such assessments are not relevant to whether there was a racially hostile work environment at the Robbins Project. Malone, however, moved to compel these answers to Magistrate Judge Bobrick, who not only denied the motion, but denied the motion for reconsideration as well. Judge Bobrick then set a fact discovery cutoff of December 11, 2000.

Prior to the present motion, Mr. Malone has never asked this court to review Judge Bobrick's decisions regarding Interrogatories No. 22 and 23. A district court's review of discovery orders made by a magistrate judge is governed by Federal Rule of Civil Procedure 72(a). *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Rule 72(a) allows the parties to file objections to a magistrate judge's discovery orders within 10 days after being served a copy of the order. Mr. Malone failed to do so. As the Union correctly asserts, it is too late for Mr. Malone to challenge Judge Bobrick's orders now.

In any event, Mr. Malone has copies of the Union's financial statements for 1993 and 1994,

which he attached to his motion. Whether the information is relevant or not, there is no need to allow Mr. Malone any additional discovery to supplement this information. Therefore, the court denies Mr. Malone's Motion to Compel.

**B.     Motion for Clarification**

Next, Mr. Malone asks this court to clarify its orders in which the court granted the Union's summary judgment motion as to Mr. Malone's failure to promote and job referral claims. The court reminds Mr. Malone that it reviewed these two claims in its Motion for Reconsideration Memorandum and Order, which was entered on March 30, 2004. In that order, the court clearly stated that Mr. Malone's job referral claim was unsupported by the record and that his failure to promote claim was insufficient because of the Union's lack of authority to promote him. Further, Mr. Malone failed to establish a prima facie case for his failure to promote claim. As such, Mr. Malone cannot make any arguments at trial regarding these dismissed claims. The only issue remaining is his hostile work environment claim.

Nonetheless, Mr. Malone now claims that he "received disparate treatment from 597 Union Steward Dennis Halney" and other union stewards. Mr. Malone, however, did not bring a disparate treatment/wrongful discharge claim in his First Amended Complaint. This court cannot allow Mr. Malone to bring this additional cause of action over six years after he filed his First Amended Complaint. *See* Federal Rule of Civil Procedure 15(a). In addition, even if this court were to assume that the EEOC charge was sufficient to bring a lawsuit based on an alleged disparate treatment/wrongful discharge, the 90 days in which Mr. Malone was required to file a lawsuit on this basis has long since passed. *See* 42 U.S.C. § 2000e-5(f)(1). Therefore, the court denies Mr. Malone's Motion to Clarify.

7

## C. Motion to Strike and Bar Defendant's Statement of Issues and Argument

Based on the Seventh Circuit's decision in *EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656 (7th Cir. 2003), Mr. Malone moves this court to strike Defendant's Statement of Issues It Will Offer Evidence to Support, numbers 5, 6, and 7.[1] Mr. Malone contends that these statements are inadmissible because they concern two theories of liability that the Seventh Circuit has outright rejected: (1) the Union has an affirmative duty to prevent racial harassment; and (2) the selective inaction theory, *i.e.*, the Union would take the initiative to solve other problems in the workplace, but not racial harassment. *See EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 661 (7th Cir. 2003).

The statements at issue are as follows:

5. Whether the Union refused to grieve or otherwise address any complaint regarding the allegedly racially hostile or otherwise offensive work environment at the Robbins Project.

6. Whether Union Business Agent Steve Toth took appropriate steps when he received a complaint about racial graffiti.

7. Whether Piping Superintendent Dennis Hahney represented Local 597 at the Robbins Project.

8. Whether Mr. Hahney took appropriate steps when he received a complaint about racial graffiti and a noose.

The Union contends that proof supporting these statements will show how it responded to member complaints and that such responses are relevant to defeat Mr. Malone's argument that the Union intentionally promoted a pervasive atmosphere of discrimination at the Robbins Project.

---

[1] These paragraphs have been superseded by paragraphs 5-8 of the Union's portion of Schedule B of the Pretrial Order, Statement of Contested Issues of Fact and Law. Paragraphs 5-8 are substantially similar to paragraphs 5-7 included in the Union's Statement of Issues It Will Offer Evidence to Support.

Without more information as to the Union's defense, it is unclear why this evidence would be relevant to Mr. Malone's hostile work environment claim. That being said, the court will take Mr. Malone's motion *in limine* under advisement and hear it within the proper context during trial.

## III. CONCLUSION

After careful consideration of the record, and in the exercise of its discretion, the court denies Plaintiff's Motion to Compel [R.158-1], Plaintiff's Motion to Clarify [R.159-1], and Defendant's Motion to Bar Evidence of the Speech Given by Francis McCartin [R.153-1]. The court grants the Union's Motion to Bar Evidence That Does Not Relate to Robbins Project Work Environment [R.154-1] and the Union's Motion to Bar Evidence of Prior Judgments Entered Against the Union [R. 156-1]. The court takes the Plaintiff's Motion to Strike and Bar Defendant's Statement of Issues and Argument under advisement [R.162-1] and will determine the admissibility of the proposed statements at trial. Finally, the court grants the Union's Motion to Bar Plaintiff's Introduction of Evidence That Was Not Produced [R.155-1], but allows Mr. Malone to produce photocopies of the 22 documents by no later than Friday August 20, 2004. If Mr. Malone fails to do so, he will not be able to present these documents at trial.

DATE: 8/12/04

ENTER:

Blanche M. Manning
United States District Court Judge

9